### EDUCATIONAL TESTING SERVICE, Plaintiff,

v.

### John KATZMAN, and the Princeton Review, Inc., Defendants.

#### Civ. A. No. 85–3768.

United States District Court, D. New Jersey.

Aug. 16, 1985.

See also, D.C., 631 F.Supp. 550.

McCarter & English, Newark, N.J. by John L. McGoldrick, and Wilmer, Cutler & Pickering, New York City by John Rounsaville, Howard P. Wilens and Carol F. Lee, for plaintiff.

Greenberg, Dauber & Epstein, Newark, N.J. by Linda Harvey, and Gordon, Hurwitz, Buowsky, Weitzen, Shalove & Wein, New York City by Allan R. Freedman and Madonna M. Malin, for defendants.

## OPINION

CLARKSON S. FISHER, Chief Judge.

Plaintiff Educational Testing Service ("ETS") seeks a preliminary injunction enjoining any misuse of its confidential test questions by defendants John Katzman and The Princeton Review, Inc. Having considered the materials submitted and the arguments made by the parties and based on the findings outlined below, plaintiff's application is granted.

ETS is a non-profit corporation engaged in the development and administration of educational testing programs. The results of ETS' tests are used primarily for college admissions purposes. John Katzman is the president and sole shareholder of The Princeton Review, Inc. Katzman and The Princeton Review, are engaged in the business of offering courses, for a fee, to coach persons who plan to take the Scholastic Achievement Test ("SAT") or Achievement Tests offered by ETS.

ETS has alleged that Katzman and The Princeton Review have, by their actions, compromised the integrity of its tests by destroying the security of certain test questions. Specifically, ETS claims that defendant's have obtained copies of certain "secure" ETS test materials developed and copyrighted by ETS. A "secure test" is one that ETS has not disclosed to the public except during a supervised examination. A "secure question" is any question and its answer options which is included in a test form. Further, ETS claims that defendants or their agents have registered for and attended ETS test administrations for the purpose of obtaining secure questions

and that defendants have reproduced unauthorized copies of secure test materials for distribution to their students. ETS maintains that the defendants' actions give rise to causes of action for copyright infringement; breach of a 1983 Agreement between the parties; and a violation of ETS' common law rights.

Defendants have not denied their possession of certain secure ETS test materials and their explanations regarding test taking by employees are, at the very least, subject to further proofs.

The Third Circuit has identified four factors which must be examined before a preliminary injunction is issued. "[T]he moving party must generally show (1) a reasonable probability of eventual success in the litigation, and (2) that the movant will be irreparably injured *pendente lite* if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Constructors Ass'n. of Western Pennsylvania v. Kreps*, 573 F.2d 811 (3d Cir.1978).

Based on the information provided thus far it appears that ETS is likely to prevail on the merits of its copyright and contract claims. ETS has presented evidence which should enable it to prove an infringement by the defendants including certain copyright registration certificates. Furthermore, defendants' actions appear to have breached the 1983 Agreement between these parties. This agreement, dated May 2, 1983, purported to resolve the issues currently in dispute.

ETS has demonstrated that it will suffer irreparable injury unless defendants are restrained in their actions pending final disposition of this matter. In addition, to the irreparable injury which is presumed whenever a copyright infringement occurs, *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir.1983),

*cert. dismissed,* 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984), the Fall 1985 testing process which is currently underway would be severely disrupted by premature disclosure of secure test questions. Such disclosure could result in invalidation of certain test scores and thereby undermine the integrity and reputation of ETS and its tests in the eyes of colleges and students.

The balancing of potential harm to interested third persons, including defendants, weighs in favor of this application. The Court can see no harm which will befall defendants' legitimate operations by granting the preliminary relief sought. At the same time, those students who have not had the benefit of defendants' course will be disadvantaged if plaintiff's allegations are borne out. Also, defendants own students could potentially be harmed if ETS is forced to cancel their scores.

Lastly, the interest of the public at large will not be adversely affected by the granting of this injunction. In fact, the public will benefit from the protection of the integrity of a testing system which is integral to college admissions.

In connection with this application, defendants have moved to dismiss this action for improper venue and lack of personal jurisdiction. Although, I note that jurisdiction probably exists, this matter is subject to further proofs and should properly be considered by Judge Barry.

An Order accompanies this opinion. No costs.

## ORDER

This matter having been opened to the court by McCarter & English, attorneys for plaintiff Educational Testing Service on an application for preliminary injunctive relief against defendants John Katzman and Princeton Review, Inc., and such application having been opposed by counsel for the defendants, Greenberg, Dauber & Epstein;

IT IS on this 16th day of August, 1985;

ORDERED, that pursuant to Federal Rules of Civil Procedure 65(a), the defendants, John Katzman and Princeton Review, Inc. and their respective officers, agents, servants, employees, and all other persons acting in concert with them, are preliminarily enjoined during the pendency of this action from:

(1) copying, duplicating, distributing, selling, adapting, publishing, reproducing, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, photographic or other form, including any communication in any class or other presentation, any questions, or any other information obtained directly from any of Educational Testing Service's copyrighted secure tests;

(2) registering for and attending as a test candidate or otherwise any administration of any Educational Testing Service test, except for bona fide purposes of admission or licensure, and, as to any such person attending an Educational Testing Service test for such bona fide purposes, from disclosing any information regarding a secure test question to the defendants, their officers, agents, representatives, employees, servants, persons who take their coaching courses, and all persons acting in concert with any of the defendants;

(3) attending any administration of any Educational Testing Service test as a proctor, supervisor, or other test center employee; and

(4) altering, modifying, mutilating, removing, storing, secreting, tampering with, destroying or otherwise disposing of (A) any test forms or other materials that contain any questions that is a copy of or derived from any secure test questions contained in an Educational Testing Service copyrighted secure test; (B) any copies of Achievement Test book 3DCB3; and (C) any documents, writing or other materials identifying for the period December 1, 1984 to July 30, 1985, any persons who were enrolled in the coaching courses of defendants, and the dates of their enrollment.